title one hundred and eleven feet three inches on Morton avenue could convey to defendants' predecessor only what was left and that plaintiffs were, therefore, entitled to the strip in dispute.

*Leonard. J. Langbein* for appellants.

*Joseph Danziger* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

AMOS H. ANDREWS et al., Respondents, *v.* EQUITABLE FIRE AND MARINE. INSURANCE COMPANY OF PROVIDENCE, RHODE ISLAND, et al., Appellants.

*Insurance (fire) — transfer of property — notice to agent by telephone — failure to issue or attach to policy rider showing transfer until after occurrence of fire.*

*Andrews* v. *Equitable F. & M. Ins. Co. of Providence, R. I.,* 202 App. Div. 858, affirmed.

(Argued May 8, 1923; decided May 29, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 17, 1922, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict. The action was to recover upon a policy of fire insurance. The policy in question dated May 28, 1917, effective for three years, was issued to Paul Perrault by Herman D. Walters, defendants' local soliciting agent. By a deed executed March 25 or 26, 1919, and recorded March 29, 1919, Paul Perrault, the insured, conveyed the insured premises to Amos H. Andrews and Rosa C. Andrews. It was testified that while Mr. Perrault and Mr. Andrews were in the office of John A. Brown, Mr. Brown called Mr. Walters on the telephone and informed him that the transfer had been made and asked him to make an indorsement showing the transfer. No rider showing the transfer was issued or attached to the policy until nearly a year thereafter and after a fire had occurred damaging the premises.

*Thomas B. Kattell* for appellants.
*S. Mack Smith* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

LEE W. BEATTIE et al., Respondents, *v.* ISAAC F. GARRISON et al., Appellants.

*Real property — title — action to restrain trespass.*

*Beattie* v. *Garrison*, 204 App. Div. 335, affirmed.
(Argued May 8, 1923; decided May 29, 1923.)

APPEAL from a judgment, entered March 2, 1923, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendants entered upon a decision of the court on trial at Special Term and directing judgment in favor of plaintiffs. The action was to restrain an alleged trespass. The only question at issue was whether plaintiffs or defendants have title to the easterly portion of the tract in question. Plaintiffs' title was derived through the foreclosure of two certain mortgages made by Sylvester Owens to Stephen D. Morrison in 1856 and 1860. Defendants' claim of title was derived through inheritance from Owens, and was based upon the contention that these mortgages did not cover the entire tract of twenty-four acres owned by Owens at the time of the making thereof. The determination of the entire controversy rested upon the single question as to what land was covered by the description in the mortgages.

*Graham Witschief* for appellants.
*Percy V. D. Gott* and *Joseph W. Gott* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.